46 N.J. Super. 257 (1957)
134 A.2d 595
NORMA R. HOLLAND, PLAINTIFF-APPELLANT,
v.
THE LINCOLN NATIONAL LIFE INSURANCE CO., A CORPORATION OF THE STATE OF INDIANA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 5, 1957.
Decided September 9, 1957.
*258 Before Judges CLAPP, DAVIDSON and SULLIVAN.
Mr. George F. Kugler, Jr., argued the cause for appellant (Messrs. Brown, Connery, Kulp & Wille, attorneys).
Mr. Sidney P. McCord, Jr., for respondent (Messrs. Starr, Summerill & Davis, attorneys).
The opinion of the court was delivered by DAVIDSON, J.S.C. (temporarily assigned).
This is an appeal from an order granting summary judgment in favor of defendant insurance company.
Plaintiff instituted the action as beneficiary under a group non-occupational accidental death policy issued by defendant on September 1, 1946 to Sherwin-Williams Paint Company and subsidiary and affiliated companies. A group life insurance policy was issued at the same time. In May 1953, upon entering the employ of a subsidiary, a certificate of insurance was issued by defendant company on the life of the insured pursuant to the terms of both policies. *259 The insured died on September 7, 1953, and plaintiff made a claim under both policies. Defendant paid the amount due under the terms of the group life policy, but refused to pay any benefits claimed under the group non-occupational accidental death policy. This action was instituted in April 1956, and defendant's motion for summary judgment was granted by reason of a provision in the group non-occupational accidental death policy that
"No action at law or in equity shall be brought to recover prior to the expiration of sixty days after proof of claim has been filed in accordance with these requirements, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of claim is required by this policy." (Emphasis added.)
Admittedly the action was not instituted within the time period set forth in the contract, but plaintiff contends that the non-occupational accidental death policy is a mere supplemental contract to the group life insurance policy containing equal additional benefits, and so controlled by the limitation period set forth in N.J.S.A. 17:34-16(b), which precludes the inclusion in an individual life insurance contract of a provision limiting the time within which such an action may be instituted to less than five years after the cause of action accrues. Relying upon N.J.S.A. 17:34-19, she contends that while certain sections of chapter 34 applying to individual life insurance policies are said not to be applicable to group life insurance policies, the other sections, including N.J.S.A. 17:34-16(b), do apply to group life insurance contracts. N.J.S.A. 17:34-20 permits a life insurance company to provide:
"* * * in its policies of insurance, or in separate policies supplemental thereto, for the payment of a larger amount of insurance if death is caused by accident * * *." (Emphasis added.)
Plaintiff argues that defendant insurance company merely issued accidental death insurance supplemental to group life insurance and points to the fact that both policies were *260 issued to the group at the same time; none of the employees in the group received one policy without the other; the face amount of the policies was identical; only one certificate of insurance was issued to the employees, which contained the essential provisions of both policies. To support her argument plaintiff cites N.J.S.A. 17:38-12, which provides that nothing in that "chapter" (chapter 38 of Title 17 deals with accident insurance) shall:
"* * * apply to life insurance * * * nor to any such contract or contracts supplemental thereto containing or providing for additional benefits of any kind in the event of death by accidental means * * *." (Emphasis added.)
Plaintiff's contention is that the policy in question is supplemental to a group life contract and controlled by the five-year provision set forth in N.J.S.A. 17:34-16(b), and thus the two-year limitation provided in the policy is invalid, it applying only to nonsupplemental group accident contracts.
Defendant, on the other hand, contends that regardless of whether or not the group accidental death contract is supplemental to the group life contract, the two-year contractual limitation is required by N.J.S.A. 17:38-18, which provides:
"No policy of group accident, group health, group accident and health or blanket accident insurance and no certificate thereunder shall be issued or delivered in this state unless the policy contains in substance all the following provisions subsections (a) to (o) following: * * *
(n) A provision that no action at law or in equity shall be brought to recover on the policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of the policy and that no such action shall be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy. * * *" (Emphasis added.)
The two-year limitation contained in the policy in question and the certificate issued thereunder conforms exactly to the required language of the statute.
*261 While plaintiff's contention basically rests upon her claim that the accident policy supplements the life policy (although each policy specifically states that "this is the entire contract"), N.J.S.A. 17:28A-1 is clearly dispositive of the issue. It provides:
"Any insurance company authorized to write in this State group life insurance and group accident * * * insurance may provide such coverages in one policy or in separate policies, or in supplements or riders to such policy or policies * * * if the provisions of any such policy, supplement or rider which treat of group life insurance, and the provisions which treat of group accident * * * insurance, comply respectively with the requirements of the law of this State applicable to the respective forms of insurance."
Additionally, the provision in N.J.S.A. 17:38-12 does not properly have reference to N.J.S.A. 17:38-18(n). What is now N.J.S.A. 17:38-1 to 13 was enacted in 1937, and in chapter 181, sections 1 to 13 of the session laws the word "act" was used throughout, including section 12, which is now N.J.S.A. 17:38-12. In the revision which followed in that year, whenever the word "act" originally appeared, the word "chapter" was substituted in its place. At this time sections 14 through 20 of chapter 38 were not yet enacted, and thus "act" (meaning Session Laws of 1937, chapter 181, sections 1-13) was synonymous with "chapter." It is obvious that the "act" or "chapter" as it then stood dealt solely with individual health and accident policies, as the terms prohibited the issuance of a health and accident policy "if the policy purports to insure more than one person" (N.J.S.A. 17:38-2(3)). In 1939 the Legislature first enacted comprehensive legislation pertaining to group policies, and sections 14 to 20 were added to the then existing chapter 38 of Title 17 as a supplement to that chapter. It seems clear that the legislative intent was to treat individual health and accident policies as completely separate from group and blanket policies, and the fact that sections 1 to 13 and 14 to 20 of chapter 38 are distinct acts is apparent on reference to N.J.S.A. 17:38-13.2(A)(11), which permits an insurer to insert a two-year limitation in *262 an individual accident contract, whereas N.J.S.A. 17:38-18(n) specifically requires a two year provision in a group accident policy.
If N.J.S.A. 17:38-12 is read as plaintiff would have us read it, then N.J.S.A. 17:28A-1, supra, is nugatory insofar as it deals with group accident insurance issued in policies supplemental to group life insurance, for there would then be no "requirements of the law of this State applicable" to such supplemental contracts. All such requirements are contained in chapter 38, and plaintiff's construction would hold those sections inapplicable where group accident insurance is supplemental to a group life contract. Such a construction must be rejected.
The judgment is affirmed.